**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| IRVIN E. TALIAFERRO, : | |
| : | |
| Plaintiff, : | |
| : | CASE NO.: 1:15-CV-113 (LJA) |
| v. : | |
| : | |
| UNITED STATES, : | |
| : | |
| Defendant. : | |
| : | |

## ORDER

Before the Court is Plaintiff Irvin E. Taliaferro's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2). For the following reasons, the Court **GRANTS** Plaintiff's Motion (Doc. 2) but **DISMISSES** Plaintiff's Complaint (Doc. 1) against all Defendants pursuant to 28 U.S.C. § 1915(e)(2).

## DISUCSSION

Courts follow a well-established two-step procedure when processing a case filed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *Cotton v. Georgia*, No. 5:07-cv-159 (HL), 2007 WL 1810231, at *1 (M.D. Ga. June 21, 2007). "Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute." *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). "Only after making a finding of poverty and docketing the case can the court proceed to the next question: whether the claim asserted is frivolous or malicious." *Id.*

### A. Financial Status

Pursuant to 28 U.S.C. § 1915(a), the Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such

[litigant] possesses that the person is unable to pay such fees or give security therefor."[1]  28 U.S.C. § 1915(a).  This Statute is intended to provide indigent litigants with meaningful access to courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1988); *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (Section 1915 is designed to ensure "that indigent persons will have equal access to the judicial system."). Thus, § 1915 authorizes suits without the prepayment of fees and costs for indigent litigants. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).  While the privilege of proceeding IFP does not require a litigant to demonstrate absolute destitution, it is also clear that "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed *in forma pauperis.*" *Levy v. Federated Dept. Stores*, 607 F. Supp. 32, 35 (S.D. Fla. 1984).  The affidavit required by the statute must show an inability to prepay fees and costs without foregoing the basic necessities of life. *Adkins*, 335 U.S. at 339.

According to his IFP application, Plaintiff has an average monthly income of $833 and monthly expenses totaling $1,222.60. (Doc. 2 at 2, 5). Because Plaintiff's expenses exceed his current monthly income and because Plaintiff owns assets of only limited value, Plaintiff qualifies as a pauper under Section 1915. Accordingly, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED** for purposes of this motion**.**

**B.   Frivolity Review**

Section 1915, however, creates no absolute right to proceed in civil actions without payment of costs.  Instead, the statute conveys only a privilege to proceed to those litigants unable to pay filing fees when the action is not frivolous or malicious. *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).  Because Plaintiff has been deemed a pauper for the purposes of §1915, the Court must conduct a review of his complaint under 28 U.S.C. § 1915(e). Section 1915(e) provides that an IFP action shall be dismissed, at any time, if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it "has little or no chance of success," *i.e.*, when it appears "from the face of the complaint that the factual

---

[1] Although Congress used the word "prisoner," § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (quotations and alternations omitted). "Even if the complaint legally states a claim and the facts are not fantastic, a dismissal on grounds of frivolousness might be justified. For example, if the district court sees that an affirmative defense would defeat the action, a section 1915(d) dismissal is allowed." *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 (11th Cir. 1990).

"One of the affirmative defenses that may lead to dismissal at the screening stage is the doctrine of claim preclusion (otherwise known as res judicata)." *Morris v. May*, 570 F. App'x 903, 905 (11th Cir. 2014); *see also Clark*, 915 F.2d at 641 n.2 ("Res judicata and collateral estoppel are other affirmative defenses which justify dismissal of a claim as frivolous.").

> The doctrine of claim preclusion bars the filing of claims that were raised or could have been raised in an earlier proceeding when "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases."

*Morris*, 570 F. App'x at 905 (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)).

In the Complaint, Plaintiff alleges that the IRS exceeded its authority and improperly "issued a Notice of Levey to the Bainbridge State College and to the New Jersey Treasury, Division of Pension and Benefits." (Doc. 1 at 1.) Plaintiff seeks "an injunction to stop the Notice of Levy . . . and to return all money seized as a result of the wrongful levies." (*Id.*) Plaintiff's action is barred by res judicata.

In 2006, Plaintiff filed a petition in the United States Tax Court pursuant to 26 U.S.C. § 6213, claiming that the Internal Revenue Service (the "IRS") wrongfully levied his property. *See* Tax Court Pet. # 15721-06S, Dkt #1 (T.C. 2007). The Tax Court dismissed Plaintiff's petition for failure to state a claim and the Eleventh Circuit affirmed. *See* T.C. Order #15721-068, at *2, *aff'd*, *Taliaferro v. C.I.R.*, 272 F. App'x 831 (11th Cir. 2008).

In 2013, Plaintiff commenced a wrongful levy action against the United States, making the same claims and seeking the same relief as sought here. *See Taliaferro v. United States*, No. 1:13-CV-94. This Court granted the government's motion to dismiss, finding that Plaintiff's claim for injunctive relief was improper because Plaintiff had an adequate remedy at law. *Taliaferro v. United States*, No. 1:13-CV-94 WLS, 2014 WL 1599949, at *3 (M.D. Ga. Apr. 21, 2014). Additionally, the Court found that Plaintiff "could not proceed with a refund suit under 26 U.S.C. § 7422 . . . because, to do so, a taxpayer must first pay the full tax and file a claim for refund with the IRS." *Id.*

The Eleventh Circuit affirmed, finding that that the court lacked subject matter jurisdiction under the Anti–Injunction Act, 26 U.S.C. § 7421(a), because, among other things, Plaintiff "has an adequate remedy at law - he can pay the disputed taxes and then sue for a refund." *Taliaferro v. Freeman*, 595 F. App'x 961, 963 (11th Cir. 2014). The Eleventh Circuit further found that sanctions were warranted against Plaintiff because his "complaint and arguments before this Court are essentially an attempt to re-litigate whether the government has the authority to assess taxes against him and to collect those taxes by levy." *Id.* at 964. The court found that Plaintiff's "arguments [were] without any arguable merit, as we explained in [a prior] decision involving Mr. Taliaferro." *Id.* (citing *Taliaferro*, 272 F. App'x at 833)).

In this action, Plaintiff again attempts to re-litigate the authority of the IRS to assess and collect taxes against him. Plaintiff challenges the same taxes and levy as he challenged in his 2013 action, and seeks the same relief. In fact, with the exception of Plaintiff's citation to random statutes and quotes, Plaintiff's claims are identical to the claims he asserted in his 2013 action. Because a judgment on the merits was rendered in that action, Plaintiff's Complaint is barred by res judicata and subject to dismissal as frivolous under 28 U.S.C. § 1915(e).

Plaintiff's Complaint is also subject to dismissal because the Court lacks subject matter jurisdiction. As this Court and the Eleventh Circuit previously held, Plaintiff's claims are barred by the Anti-Injunction Act, 26 U.S.C. § 7421, because Plaintiff has an adequate remedy at law. Like Plaintiff's prior complaint, Plaintiff does not allege that he has paid his

taxes in full, but instead claims that "each month after July 1, 2015 [sic] an additional $1,595.45 will be taken from Plaintiff's pension and sent to the internal revenue service due to the notice of levy." (Doc. 1 at 17.) "Because Plaintiff asserts . . . that the IRS continues to levy money from his pension, it is clear that he has not paid the entire tax liability and the Court therefore lacks subject matter jurisdiction to consider a refund suit at this juncture." *Taliaferro*, 2014 WL 1599949, at *3. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Given Plaintiff's repeated filings, the Court emphasizes that while *pro se* litigants are held to a less stringent standard than attorneys, they do not have a "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overload court dockets." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quotation omitted). Because Plaintiff has already been sanctioned once as a result of his frivolous filings, he may be subject to additional sanctions if he continues to file frivolous claims.

## CONLCUSION

In light of the forgoing, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED**, and Plaintiff's Complaint (Doc. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 1st day of February, 2016.

                                              ___/s/ Leslie J. Abrams_____
                                              **LESLIE J. ABRAMS, JUDGE**
                                              **UNITED STATES DISTRICT COURT**